United States District Court
Southern District of Texas
**ENTERED**
June 22, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAM GRIFFIN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-4233 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent.* | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas lawsuit challenging his conviction and twenty-year sentence for sexual assault. Respondent filed a motion for summary judgment (Docket Entry No. 11), to which petitioner filed a response (Docket Entry No. 13).

Having reviewed the motion, the response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

### *Background and Claims*

A criminal complaint was sworn out against petitioner in 2015 for his 2002 sexual assault of the complainant in Harris County, Texas. Petitioner was subsequently indicted, and he pleaded guilty to the charges on January 8, 2018. The trial court sentenced him to 20 years' imprisonment pursuant to a plea bargain agreement. His direct appeal was dismissed for lack of jurisdiction. Petitioner's application for state

habeas relief, filed with the state trial court on February 1, 2019, was denied without a written order by the Texas Court of Criminal Appeals on September 25, 2019.

Petitioner raises the following grounds for habeas relief in this petition:

(1) his conviction is invalid because the State did not indict him prior to expiration of limitations governing criminal cases; and

(2) trial counsel was ineffective in failing to raise the limitations issue or object to the prosecution's altered limitations evidence.

Respondent argues that the claims lack merit and should be summarily dismissed.

### *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner

3

rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

*Untimely Indictment*

In his first claim for habeas relief, petitioner argues that his conviction is invalid because it was barred by the ten-year state statute of limitations for sex offenses. He states that, because the alleged offense took place in 2002, his indictment in 2015 was untimely.

The state trial court rejected this claim on collateral review and made the following relevant findings of fact and conclusions of law:

> 5. Applicant's first ground for relief alleges his case was charged outside the statute of limitations.
>
> \* \* \* \*
>
> 7. The ten year statute of limitations for sexual assault is removed "if during the investigation of the offense biological matter is collected and subjected to forensic DNA testing and the testing results show that the matter does not match the victim or any other person whose identity is readily ascertained." TEX. CODE CRIM. PROC. Art. 12.01(1)(C).
>
> 8. A sexual assault kit was completed near the time of the offense. When the kit was tested, it generated a CODIS match for Applicant.
>
> 9. The complainant in the instant case did not know Applicant, and as such, Applicant's identity could not be "readily ascertained."
>
> 10. Applicant's case is within the exception created by 12.01(1)(C), therefore the case was not charged outside the statute of limitations.

(Docket Entry No. 12-6, pp. 36–37, record citations omitted). The Texas Court of Criminal Appeals denied habeas relief without a written order. (Docket Entry No. 12-5.)

Petitioner's claim that his criminal charges were barred by state limitations does not raise a cognizable federal habeas claim. Federal habeas relief under section 2254 is available only if a petitioner shows that he is in custody in violation of the Constitution or other federal law. 28 U.S.C. § 2254(a). It is well settled that federal habeas relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). By basing his claim on the alleged violation of a state law, petitioner raises no violation of federal law.

The state court expressly found that petitioner's criminal proceedings were not barred by state limitations. To grant habeas relief in this instance would require this Court to find that the Texas Court of Criminal Appeals, Texas's highest state court of criminal jurisdiction, incorrectly interpreted and applied its own state criminal laws. This, the Court cannot do. In the course of reviewing state criminal convictions in federal habeas proceedings, a federal court does not sit as a super state appellate court to review and correct alleged errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Petitioner also vaguely argues that his criminal prosecution violated his *ex post facto* protections because he was prosecuted for a criminal offense that was barred by limitations. However, the state court determined that limitations had not expired under state law. As previously stated, this underlying determination as to the state limitations issue cannot be reviewed by the Court. Thus, petitioner's indictment, prosecution, and

6

conviction do not constitute federal *ex post facto* violations premised on a limitations bar.

Nor does petitioner establish that art. 12.01(1)(C) of the Texas Code of Criminal Procedure itself violated his *ex post facto* protections. The Supreme Court has long defined an *ex post facto* violation as follows:

> It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*.

*Beazell v. Ohio*, 269 U.S. 167, 169–170 (1925); *see also Dobbert v. Florida*, 432 U.S. 282, 292 (1977). The state statutory exception in art. 12.01(1)(C), as relied upon by the state habeas court, took effect on September 1, 2001, prior to petitioner's 2002 sexual assault of complainant. *See Ex parte Montgomery*, 2017 WL 3271088, *1–2 (Tex. App – Houston [14th Dist.] 2017, pet. ref'd). Consequently, petitioner does not establish that the state statute constituted an *ex post facto* law in application to his case.

The state court denied habeas relief on petitioner's claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *Ineffective Assistance of Trial Counsel*

In his second claim for federal habeas relief, petitioner argues that his trial counsel was ineffective in violation of the Sixth Amendment.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id*. at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not

warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id*. at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id*.

Petitioner claims that counsel was ineffective in the following instances.

*Failure to Raise Limitations Bar*

Petitioner faults trial counsel for failing to raise the limitations issue, and contends that an objection or argument based on a limitations bar would have been granted and he would not have been convicted.

The state trial court rejected this claim on collateral review and made the following relevant findings of fact and conclusions of law:

> 6. Applicant's second ground for relief alleges ineffective assistance of counsel for failing to object to the violation of the statute of limitations.
>
> \* \* \* \*
>
> 11. An objection to the statute of limitations by trial counsel would not have been successful.

9

> 12. Applicant fails to show that the trial judge would have committed error in overruling objections to the statute of limitations if they were made.
>
> 13. Applicant fails to show trial counsel's representation fell below an objective standard of reasonableness in any way and that, but for counsel's alleged deficiencies, there is a reasonable probability that the result of the proceeding would have been different.
>
> 14. Based on the totality of the representation and the particular circumstances of the case, trial counsel provided Applicant with reasonably effective assistance of counsel.

(Docket Entry No. 12-6, pp. 33–34, citations omitted.) The Texas Court of Criminal Appeals denied habeas relief without a written order. (Docket Entry No. 12-5.)

To prevail on a claim for ineffective assistance of trial counsel predicated on a failure to raise a certain argument or objection, a habeas petitioner must show that, had counsel raised the argument or objection, the state court would have granted it. Trial counsel is not ineffective in failing to raise groundless objections or arguments. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (holding that prejudice cannot result from the failure to make a meritless objection or to urge a meritless argument); *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) (noting that prejudice does not issue from the failure to raise a legally meritless claim). As shown above, the state trial court on collateral review found that "[a]n objection to the statute of limitations by trial counsel would not have been successful." Petitioner has not shown that counsel's objection based on limitations would have been successful. The state trial court further found that petitioner "fail[ed] to show that the trial judge would have committed error in overruling

objections to the statute of limitations if they were made." Petitioner has not shown that the trial court would have committed reversible error in denying counsel's objection based on limitations. Consequently, petitioner establishes neither deficient performance nor actual prejudice under *Strickland*.

The state court rejected petitioner's claims of ineffective assistance and found that trial counsel was not ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Failure to Object to Altered Evidence*

Petitioner next claims that counsel should have brought to the trial court's attention evidence showing that law enforcement authorities and prosecutors knew he was the alleged perpetrator at the time of the offense in 2002. Petitioner raises this argument in order to establish error by the state court in finding that his identity could not be "reasonably ascertained." According to petitioner, this would then show that the ten-year limitation barred his prosecution because Texas Code of Criminal Procedure Art. 12.01(1)(C) would not apply.

Reduced to its essential terms, petitioner's claim again attempts to show that the state court erred in determining that his prosecution was not barred by state limitations. This Court has already held that it cannot re-examine the state court's interpretation and application of state law, particularly as to the criminal limitations findings. As with his

11

earlier claim, petitioner does not establish that, had counsel raised these objections and arguments, the state trial court would have granted them.

Regardless, petitioner's claim that the prosecution altered evidence in order to negate the limitations bar is conclusory and not supported in the record. Petitioner claims in his response that a Harris County prosecutor and a Houston police officer, D.R. Daniel, swore out a complaint and probable cause affidavit on August 27, 2002, testifying that they believed petitioner had sexually assaulted the complainant on August 27, 2002. Petitioner further claims that police officers presented the complainant with a photo array shortly after the offense, and that the array included a picture of petitioner. No such documents appear in the state court record, and the complaint and probable cause affidavit appearing in the state court record are dated March 14, 2015. (Docket Entry No. 12-4, p. 8–9.) The prosecutor and Officer Daniel stated in the document that, as of that date – March 14, 2015 – they believed that petitioner had committed the offense of August 27, 2002. Nothing in the record shows that the prosecutor and Officer Daniel had believed, *as of August 27, 2002*, that petitioner had committed the offense. Moreover, no photo array appears in the state court record before this Court, although Officer Daniel states in the probable cause affidavit that he presented a photo array to the complainant on *January 28, 2015*, and that she identified petitioner.

Petitioner alleges that the prosecution altered the records to hide the fact that limitations had run. His allegations are conclusory and unsupported in the record, and are insufficient to preclude the granting of summary judgment in favor of respondent.

As petitioner presents no probative summary judgment showing that the prosecution altered records or "hid the truth," he fails to show that trial counsel was ineffective in not raising the issue of altered evidence.

The state court rejected petitioner's claims of ineffective assistance and found that trial counsel was not ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 11) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas, on June 22, 2020.

Gray H. Miller
Senior United States District Judge